UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

BELL & STATON HOSPITALITY, INC.,
a Florida corporation; ELITE EQUITY GROUP,
LLC, a Delaware limited liability company; and
JESSICA PORTNOF TRUST FBO PAUL PORTNOF,

    Plaintiffs,

v.

STRATIS MORFOGEN, an individual;
PHILIPPE MIAMI SOBE, LLC, a Florida limited
liability company, KANTOR RESTAURANT
MIAMI SOBE, LLC, a Delaware limited liability
Company; STEVEN KANTOR, an individual;
PHILIPPE CHOW CHAU, an individual; and
STEVEN BOXER, an individual,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Philippe Miami Sobe, LLC, Kantor Restaurant Miami Sobe, LLC, Steven Kantor, Philippe Chow Chau, and Steven Boxer (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1334, 1441, 1446 and 1452, expressly reserving all of their rights to respond to this lawsuit, remove the action styled as *Bell & Staton Hospitality, Inc., et al. v. Morfogen, et al.*, Case No. 2013-025518 CA 01 (42), pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.[1] In support of this removal, Defendants state as follows:

---

[1] No appearance has been filed on behalf of the only remaining Defendant, Stratis Morfogen. Undersigned counsel contacted Mr. Morfogen's counsel in separate litigation in Florida to determine whether Mr.

## NATURE OF THE ACTION

1. This action was filed on July 31, 2013, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and is styled as Case No. 2013-025518 CA 01 (42). Defendants were served on August 30, 2013. A copy of Plaintiffs' Complaint (the "Complaint"), along with the returns of service and all filings made in the state court to date are attached hereto as Exhibit A.

2. In this action, Plaintiffs allege claims for (1) breach of fiduciary duty; (2) breach of duty of loyalty; (3) fraud; (4) negligent misrepresentation; (5) a violation of the Florida Deceptive and Unfair Trade Practices Act; (6) promissory estoppel; (7) breach of Florida Statute § 608.4101; and (8) an accounting relating to investments made in the "Philippe Brand Restaurants" in South Florida.

3. This is a civil action between citizens of different states in which Plaintiffs allege damages in excess of $75,000, exclusive of interest and costs. This Court, therefore, has original jurisdiction under 28 U.S.C. § 1332. Thus, all claims and causes of action asserted in this action may be removed to this Court pursuant to 28 U.S.C. § 1446.

4. Alternatively, this action is a civil proceeding related to two separate cases brought under title 11 of the United States Code (*i.e.*, bankruptcy matters), specifically to the Chapter 7 bankruptcy filings of Philippe Chow Boca, LLC (pending in the United States Bankruptcy Court for the Southern District of Florida, Case No. 13-14166-BKC-EPK) and Philippe Miami Sobe, LLC (pending in the United States Bankruptcy Court for

---

Morfogen consents to this removal and has been advised that Mr. Morfogen's counsel does not represent Stratis Morfogen in this litigation. Additionally, undersigned counsel contacted counsel for Plaintiffs to inquire whether they have been in communication with any counsel for Stratis Morfogen but has received no response.

the Southern District of New York, Case No. 13-11636-mg). This Court, therefore, has original jurisdiction under 28 U.S.C. § 1334(b). Thus, all claims and causes of action asserted in this action may be removed to this Court pursuant to 28 U.S.C. § 1452.

### DIVERSITY JURISDICTION

5. This action may be removed to this Court pursuant to 28 U.S.C. § 1332, which provides in pertinent part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of a different states." 28 U.S.C. § 1332 (a)(1).

6. The instant action is one which may be removed to this Court because (a) it is a civil action; (b) complete diversity of citizenship exists between the Plaintiffs and Defendants; and (c) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The United States District Courts would have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

### COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

8. Pursuant to Paragraph 1 of the Complaint, Plaintiff Bell & Staton Hospitality Inc. ("Bell & Staton") is a Florida corporation with its principal place of business in Palm Beach County, Florida. Upon information and belief, Bell & Staton is a citizen of the state of Florida because a corporation is a citizen of both its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9. Pursuant to Paragraph 2 of the Complaint, Plaintiff Elite Equity Group, LLC ("Elite Equity") is a Delaware limited liability company with its principal place of business in Palm Beach County, Florida. The citizenship of a limited liability company is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. *See Rolling Greens MHP v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021–22 (11th Cir. 2004). According to the Complaint, the members of Elite Equity include Mark Kleiner and Paul Portnof (*see* Exhibit A at Complaint, ¶ 48). Upon information and belief, Elite Equity is a citizen of Florida because both Kleiner and Portnof are citizens of Florida.[1]

10. Pursuant to Paragraph 3 of the Complaint, Plaintiff Jessica Portnof Trust FBO Paul Portnof ("Portnof Trust") is an unincorporated New York Trust. The citizenship of an unincorporated trust is determined by the citizenship of its members. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1339 (11th Cir. 2002). Upon information and belief, the Portnof Trust is a citizen of Florida, as Paul Portnof is the sole member and a citizen of Florida, as he maintains his permanent residence in Florida and, according to his "My Life" webpage, he permanently moved from New York to Florida in 2012. (*See* Exhibit C: Paul Portnof's My Life Webpage at http://www.mylife.com/paulportnof; *see also* Exhibit D: Deed to Paul Portnof's Florida residence.)

11. In evaluating diversity of the parties, the Court need not consider the citizenship of Defendant Philippe Miami Sobe LLC ("Philippe Miami") because its

---

[1] According to pleadings recently filed by the Trustee in the Philippe Boca bankruptcy proceeding, however, Elite Equity is not a member of Philippe Boca. The Trustee alleges, and the Philippe Boca Operating Agreement lists, only Mark Kleiner individually as a member of Philippe Boca. (*See* Exhibit B: *In re: Philippe Chow Boca, LLC*, Case No. 13-14166-BKC-EPK (Bankr. S.D. Fla.))

inclusion as a Defendant constitutes fraudulent joinder. On May 15, 2013, Defendant Philippe Miami filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. *See In re: Philippe Miami Sobe, LLC*, Case No. 13-11636-mg (Bankr. S.D.N.Y.). Notwithstanding, on July 31, 2013, Plaintiff filed the instant action adding Philippe Miami as a party defendant, alleging it is a Florida limited liability company, apparently in an attempt to avoid diversity jurisdiction.[2]

12. "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536 1538 (11th Cir. 1997); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989). Moreover, the case law is clear that adding a non-diverse bankrupt entity constitutes fraudulent joinder. *See, e.g.*, *Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009) ("It was plainly improper for Brown to sue JEVIC in state court after JEVIC had filed for bankruptcy protection. To the extent JEVIC's status as a debtor not subject to removal deprived Sun and the other Defendants of a federal forum to which they were otherwise entitled, Brown's joinder of JEVIC was fraudulent.")

13. In this case, there is no possibility that a state court could find that the Complaint states a cause of action against Philippe Miami because the Southern District of New York has original jurisdiction over the bankruptcy claims against Philippe Miami. Furthermore, none of the Plaintiffs here filed proofs of claim in the Philippe Miami

---

[2] Any such attempt would fail as the citizenship of Philippe Miami is determined by its members, and all members other than Plaintiff Portnof are not citizens of Florida. In other words, even in the absence of fraudulent joinder, complete diversity still exits.

bankruptcy proceeding prior to the expiration of the claims deadline. Moreover, any claims against Philippe Miami violate the automatic stay provisions of the Bankruptcy Code and are void *ab initio*.

14. Pursuant to Paragraph 5 of the Complaint, Defendant Stratis Morfogen ("Morfogen") is a resident of New York. Upon information and belief, Morfogen is a citizen of New York.

15. Defendant Kantor Restaurant Miami Sobe LLC ("Kantor Sobe") is a Delaware limited liability company. The citizenship of a limited liability company is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. *See Rolling Greens MHP*, 374 F.3d at 1021-22. Defendant Kantor Sobe is a citizen of New York as all of its members are citizens of New York.

16. Defendant Steven L. Kantor ("Steven Kantor") is a citizen of New York.

17. Defendant Philippe Chow Chau ("Chau") is a citizen of New York.

18. Defendant Steven Boxer ("Boxer") is a citizen of New York.

19. Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendants as provided by 28 U.S.C. § 1332 (a)(1).

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20. Plaintiffs do not allege a specific amount in controversy. A reasonable reading of the Complaint, however, reveals that the minimum jurisdictional amount is satisfied because the Complaint seeks damages in excess of $75,000. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding that when a complaint does not claim a specific amount of damages, removal is proper if it is facially apparent that the amount in controversy exceeds the jurisdictional requirement); *Baker v.*

*Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982) (providing that if a reasonable reading of the Complaint discloses that the sum in controversy does in fact exceed the jurisdictional amount, the jurisdictional amount will be found to exist).

21.   Likewise, pursuant to 28 U.S.C. § 1446(c)(2)(A)(i), Defendants are entitled to establish the amount in controversy. *See Pretka*, 608 F.3d at 754 (providing that a party seeking removal may establish the amount in controversy through evidence).

22.   In determining the amount in controversy, this Court is entitled to rely on its judicial experience and common sense, and "need not give credence to a plaintiff's representation that the value of the claim in indeterminate." *See Roey v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

23.   The allegations of the Complaint demonstrate that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

24.   In the Complaint, Plaintiff assert claims for (1) breach of fiduciary duty; (2) breach of duty of loyalty; (3) fraud; (4) negligent misrepresentation; (5) a violation of the Florida Deceptive and Unfair Trade Practices Act; (6) promissory estoppel; (7) breach of Florida Statute § 608.4101; and (8) an accounting.

25.   The crux of the Plaintiffs' allegations deal with substantial monetary investments in the Philippe Brand Restaurants in South Florida. For example, in Paragraph 40 of the Complaint, Plaintiffs allege that "Bell sent two checks to Morfogen in the amount of $200,000 each representing MBCP's capital contributions in Philippe Miami and Philippe Boca and entered into operating agreements for the two companies. (*See* Exhibit A at Complaint, ¶ 40.)   In Paragraph 49 of the Complaint, Plaintiffs allege that "Kleiner and Portnof invested $125,000.00 to form Elite Equity. . . . for the express

purpose of investing in Philippe Boca." (*Id.* at ¶ 49.) Paragraph 50 of the Complaint alleges that "Kleiner delivered $250,000.00 to Morfogen representing Elite Equity's capital contribution." (*Id.* at 50.) Paragraph 57 alleges that "Portnof delivered $250,000.00 to Morfogen representing Portnof Trust's capital contribution and entered into an operating agreement with Philippe Miami on behalf of the Portnof Trust." (*Id.* at 57.) Plaintiffs further allege that Philippe Miami and Philippe Boca are either in or on the verge of bankruptcy and "Plaintiffs have suffered and continue to suffer significant damages." (*Id.* at 75.) Accordingly, Plaintiffs bring claims against Defendants relating to their alleged losses associated with their capital investments in the restaurants, which are alleged to be in excess of $75,000.

26. As there is complete diversity of citizenship between Plaintiffs and Defendants, and as the matter in controversy exceeds the sum of $75,000, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1441.

## **RELATED JURISDICTION UNDER SECTION 1334(B)**

27. In addition to diversity jurisdiction, original jurisdiction is conferred by 28 U.S.C. § 1334(b), which in relevant part provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

28. Original jurisdiction exists under section 1334(b) because the claims in this lawsuit are "related to" the Chapter 7 bankruptcy filings of Philippe Chow Boca, LLC (pending in the United States Bankruptcy Court in the Southern District of Florida, Case No. 13-14166-BKC-EPK) and Philippe Miami Sobe, LLC (pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 13-11636-mg).

In the bankruptcy context, the Eleventh Circuit has interpreted "related to" jurisdiction as extending to those proceedings that "could conceivably have an effect on the estate being administered in bankruptcy." *Munford v. Munford, Inc. (In re Munford, Inc.)*, 97 F.3d 449, 453 (11th Cir. 1996) (internal quotation marks omitted). This extends to "suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995) (citing Collier on Bankruptcy ¶ 3.01[1] [c] [iv], p. 3-28 (15th ed. 1994)). The relatedness between the instant action and the bankruptcy proceedings is patent, not only from the face of the complaint here, as plaintiffs seek damages arising out of purported investments in Philippe Chow Boca, LLC and Philippe Miami Sobe, LLC (*see* Complaint, *passim*), but also from the adversary proceeding recently brought by the Trustee in the Philippe Boca matter (*see* Exhibit B: *In re: Philippe Chow Boca, LLC*, Case No. 13-14166-BKC-EPK (Bankr. S.D. Fla.)).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

29. Defendants were served with a copy of the Complaint on August 30, 2013. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

30. Written notice of the filing of this Notice of Removal will be promptly given to Plaintiffs by service on counsel for Plaintiffs.

31. The Circuit Court of the Eleventh Judicial Circuit, the court in which this action was filed and pending, is located within the Southern District of Florida. *See* 28 U.S.C. § 89. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) because the Southern District of Florida is the district and division embracing the place where the action is pending.

32.     Defendants are simultaneously filing a true and correct copy of this Notice of Removal with Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1446(a).

33.     A copy of all process, pleadings, orders served Defendants is attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1146(a).

34.     By filing this Notice of Removal, Defendants do not waive any available defenses, rights or objections, and does not concede that the allegations in the Complaint state a valid claim under applicable law.  Defendants reserve the right to amend or supplement this Notice of Removal.

Dated: September 30, 2013.                     Respectfully submitted,

                                                     __s/ Scott B. Cosgrove_____
Scott B. Cosgrove, Esq.
Fla. Bar No. 161365
James R. Bryan
Fla. Bar No. 0696862
LEÓN COSGROVE LLC
255 Alhambra Circle, Suite 424
Coral Gables, Florida 33134
Tel:    305.740.1975
Email:scosgrove@leoncosgrove.com
Email:jbryan@leoncosgrove.com

*Counsel for Defendants Philippe Miami Sobe, LLC, Kantor Restaurant Miami Sobe, LLC, Steven Kantor, Philippe Chow Chau, and Steven Boxer*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013, a true and correct copy of this Notice of Filing has been served via electronic mail and U.S. mail upon:

Michael B. Chavies, Esq.
Akerman Senterfitt
One Southeast Third Ave., Suite 2500
Miami, FL 33131
Tel. 305-374-5600
Michael.chavies@akerman.com

Carmen Tugender, Esq.
Akerman Senterfitt
350 East Las Olas Blvd.
Las Olas Centre IIst Third Ave., Suite 2500
Miami, FL 33131
Tel. 305-374-5600
Michael.chavies@akerman.com

Stratis Morfogen
1 Blueberry Lane
Hicksville, New York 11801-451
(Via U.S. Mail)

                                                                        */s/ Scott B. Cosgrove*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
BELL & STATON HOSPITALITY, INC.; ELITE EQUITY GROUP, LLC, and JESSICA PORTNOF TRUST FBO PAUL PORTNOF

### DEFENDANTS
STATIS MORFOGEN, PHILIPPE MIAMI SOBE, LLC, KANTOR RESTAURANT MIAMI SOBE, LLC; STEVEN KANTOR;

(b) County of Residence of First Listed Plaintiff: Palm Beach, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Nassau, New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Chavies, Esq. and Carmen Tugender, Esq./Akerman Senterfitt, One S.E. Third Ave., 25th Floor, Miami, Fl 33131/305-374-5600

Attorneys *(If Known)*
Scott Cosgrove, Esq. and James Bryan, Esq. / León Cosgrove, LLC, 255 Alhambra Circle, Suite 424, Coral Gables, Fl 305-740-1975

(d) Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

**Other:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE: _____    DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1334, 1441, 1446
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE: 9/30/13

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   IFP _____   JUDGE _____   MAG JUDGE _____